**Richard NASH, Plaintiff–Appellant,**

v.

**BLUMEX U.S.A., INC., Defendant–Appellee.**

Docket No. 00–7576.

United States Court of Appeals, Second Circuit.

Nov. 19, 2002.

Richard Nash, pro se, St. Albans, NY, for Appellant.

Joseph D. Sullivan, Sullivan & Sullivan, Garden City, NY, for Appellee.

Present FEINBERG, CARDAMONE and SACK, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff–Appellant Richard Nash appeals from the district court's judgment, entered pursuant to a jury verdict, in favor of the defendant. In June 1998, Nash, an African–American, filed a complaint against Blumex, U.S.A., Inc. ("Blumex"), his former employer, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, claiming that Blumex fired him in February 1998 due to his race and in retaliation for actions he had taken in response to racially discriminatory behavior.

We have no authority to decide whether the jury was right or wrong.

> We will upset a jury verdict only if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture. We must view the evidence in the light most favorable to the party in whose favor the verdict was rendered, giving that party the benefit of all reasonable inferences that the jury might have drawn in his favor. And we may not assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute our judgment for that of the jury. A party seeking to overturn a verdict based on the sufficiency of the evidence bears a very heavy burden.

*Norton v. Sam's Club,* 145 F.3d 114, 118 (2d Cir.) (internal citations and quotation marks omitted), *cert. denied,* 525 U.S. 1001, 119 S.Ct. 511, 142 L.Ed.2d 424 (1998).

We cannot say that there was "a complete absence of evidence supporting the verdict." There was evidence from which the jury could find that Nash was terminated because of his poor attitude and work performance, rather than his race and his plan to consult a lawyer about his race-discrimination claim. There was also evidence to support a jury finding that Nash often complained about the amount

of work he was required to do, refused to perform assigned tasks, talked about quitting, received oral criticism and a written warning about his job performance, and threatened to burn down the house of Blumex's General Manager. That evidence was sufficient to support the jury verdict.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.